IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY GEORGE,

                Plaintiff,

v.

MICHAEL DRAKE, *et al.*

                Defendants.

OPINION and ORDER

23-cv-809-wmc

---

Plaintiff Larry George, representing himself, alleges that defendants caused him serious harm and injury by failing to protect him from the COVID-19 virus while he was in state custody. Plaintiff ultimately contracted COVID-19 and has experienced subsequent "long-haul COVID symptoms," which he attributes to defendants' alleged failure to protect him. Dkt. 1-1, ¶ 39.

Now before the court is the parties' disagreement concerning the release of plaintiff's medical records. Defendants complain that plaintiff is obstructing discovery by refusing to sign an authorization to release his medical records. Defendants ask the court to dismiss the case for his failure to cooperate or, alternatively, to compel him to sign the authorization. Dkt. 34. Plaintiff objects to the scope of defendants' proposed authorization. *See* Dkt. 35-2 at 1–2; Dkt. 42.[1] He also seeks sanctions against defense counsel. Dkt. 42. For the reasons set forth below,

---

[1] Plaintiff's response in opposition was filed after defendants filed their reply, but the court has considered his arguments because he is self-represented and defendants are not prejudiced.

defendants' motion to compel is denied as is plaintiff's request for sanctions, but the court will order defendants to send plaintiff a revised medical authorization form.[2]

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

**A. Defendants' motion to compel, Dkt. 34**

A litigant's privacy interest in their medical records is at least partially waived when they file a lawsuit seeking damages arising out of or relating to alleged medical issues.[3] *Banks v. Fendt*, No. 12-CV-1063, 2013 WL 2475860, at *1 (E.D. Wis. June 7, 2013). This court generally will not compel litigants to release medical records they wish to keep confidential, but there are consequences to refusing to disclose relevant records, including dismissal. *See,*

---

[2] Also under advisement with the court are plaintiff's proposed amended complaint, Dkt. 27, and his motion to compel defendants to answer, Dkt. 28. The court will address these motions in a separate order. In the meantime, the case deadlines remain stayed, to be reset, if necessary, after the court reviews plaintiff's amended complaint. *See* Dkt. 37.

[3] As a threshold matter, plaintiff should be aware that discovery and admissibility are separate questions: discovery allows broad disclosures but there are limitations on irrelevant evidence being entered into evidence for trial. Fed. R. Civ. P. 26(b) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). So, safeguards are already in place if plaintiff is concerned about irrelevant information in his medical records being used improperly.

*e.g.*, *Clark v. Leitner*, No. 08-CV-536, 2010 WL 335014, *1 (W.D. Wis. Jan. 28, 2010) ("The court never forces a party to sign a medical records release form, but a party's choice not to sign has consequences."). Defendants must be able to defend against plaintiff's claims. *See id.* (noting that defendants "are entitled to a disclosure authorization from plaintiff in order properly and adequately to defend against his allegations.") So, the court will not allow a litigant to pursue medical claims when the claims depend upon information they refuse to disclose.

In the present case, plaintiff is not wholly objecting to disclosure of his medical records. However, the parties disagree about the scope of relevant and proportional disclosures.

**1. Medical records and the authorization's end date**

Defendants ask the court to compel plaintiff to sign a medical authorization form, docketed at Dkt. 35-4. Plaintiff wants to strike any authorization for defendants to access his "alcohol and/or drug treatment records, and HIV and/or AIDS test results and intervention program records." Dkt. 35-2 at 1. In addition, he requests to strike defendants' access to protected health information in his "Division of Juvenile Corrections Health Care Record, Social Services File or Division of Community Corrections file." *Id.* Plaintiff also struck the phrase "TWO (2) YEARS FROM THE DATE OF SIGNING," and would instead like to limit the authorization form's effectiveness to "THE CONCLUSION OF THIS LAWSUIT." *Id.* at 2. Plaintiff signed the form as modified and returned it to defendants. Defendants re-sent plaintiff the original, unmodified authorization form, but with no response from plaintiff, filed the present motion to compel.

Plaintiff argues that the medical records he wants to exclude are not pertinent to his claims. Plaintiff is claiming injuries solely in relation to his long-haul Covid symptoms. These

3

include "severe cramps, breathing problems at times, anxiety, stress, loss of taste and smell, aches and pains he didn't have before COVID, memory, and 'fog' issues." Dkt. 1-1, ¶ 37. And the only specific previous underlying conditions plaintiff's complaint mentions are COPD, high blood pressure, and asthma. Dkt. 1-1, ¶ 34.

Defendants do not offer any particularized argument on why all of plaintiff's medical records, including his juvenile health records, are relevant and proportional to the defense of plaintiff's claims. Rather, defendants provide only general statements about needing to defend against plaintiff's alleged "serious health problems and long-term health ramifications," without any discussion of plaintiff's proposed exclusions. Dkt. 34 at 4.

Plaintiff's proposed exclusions are reasonable. He is sixty-five years old and is claiming long-haul symptoms from a Covid-19 infection that occurred five years ago while he was incarcerated at Oshkosh Correctional Institution. He was then transferred to Sand Ridge Secure Treatment Center. Therefore, juvenile records are not relevant to his claimed injuries, nor does the court see how his Social Services or Division of Community Corrections files are either. Additionally, he is not claiming any exacerbation of or complications with HIV/AIDS or drug/alcohol problems.[4]

Accordingly, the court will order defendants to send plaintiff a medical authorization excluding the release of these categories of information. The court also fails to see why defendants need access to plaintiff's medical information once the case is concluded and will order defendants to modify the release period to align with the conclusion of this case,

---

[4] Plaintiff asserts in his reply brief that he is HIV negative. Dkt. 42 at 2.

including any appeal.  Once plaintiff receives the revised authorization, he may choose to sign it; but he must do so by the date below, or face consequences, including dismissal.

## 2.  Mental health records

Plaintiff's complaint alleges that defendants' actions contributed to newfound stress and anxiety.  Specifically, he alleges "[he] suffered … stress, anxiety … as a direct result of the negligent, gross neglect, total and complete incompetent policies and/or lack of policies that would have kept Plaintiff from contracting this serious disease[,]" "Defendant[s] refused to allow him to call his family/friends to tell them he was in the hospital, and they also refused to call anyone on his behalf either, thereby causing Plaintiff much more stress, anxiety, and added to his concerns about what his family/friends were thinking of why Plaintiff was not calling them," and that he "continues to suffer health conditions as a direct result of COVID. [He] has … anxiety, stress."  Dkt. 1-1 at 12; *See* Dkt 23 at 6.  Plaintiff originally objected to defendants' access to *any* of his mental health records but proposes in reply to limit the scope of defendants' access to "records containing the words 'panic attacks;' 'anxiety attacks' and medications to treat this condition[.]"  Dkt. 42 at 2.

Plaintiff's proposal would be unduly burdensome.  Plaintiff is essentially asking the custodian of medical records at the Department of Corrections to wade through all of his mental health records and determine if certain mentions of "anxiety" or "stress" comply with how plaintiff envisions the scope of the request.

Regardless, there does not appear to be a reason for plaintiff to disclose his mental health records.  Defendants do not provide a particularized argument on why plaintiff's mental health records are pertinent to their defense of plaintiff's claims.  Although defendants must be given the tools to present a case in defense of plaintiff's claims, plaintiff's claims for "anxiety"

5

and "stress" appear to be "garden variety," meaning that plaintiff experienced "emotional distress within the range of what a healthy, well-adjusted person would feel as the result of defendant[s'] conduct." *McGlenn v. Madison Metro. Sch. Dist.*, Case No. 21-cv-683-jdp, 2024 WL 359107, at *4 (W.D. Wis. Jan. 31, 2024). When a plaintiff alleges "garden variety" emotional distress, they are granted an exception to the required disclosure of medical records. *Id.* at *1. However, plaintiff may only use his own testimony to support "garden variety" emotional distress claims rather than any testimony from experts regarding his counseling or therapy. *Id.* at *4. If plaintiff's claims are not "garden variety," then plaintiff's mental health records are relevant to his emotional distress claims. *Id.* at *3.

Based on plaintiff's allegations, the court presumes that he is asserting "garden variety" emotional distress claims and disclosure of his mental health records is not necessary at this time. If the court's presumption is incorrect, plaintiff must notify the court and defendants by the deadline indicated below, and defendants may renew their request for his mental health records via a supplemental authorization form.

**B. Plaintiff's request for sanctions, Dkt. 42**

Plaintiff moves for sanctions in his reply brief. Dkt. 42 at 2–3. Plaintiff alleges that defense counsel was deceptive in communications with plaintiff regarding discovery by stating, "it would be impossible for staff to remove reference to [the categories of records plaintiff seeks to exclude] from the medical records contained within the Department of Corrections." *Id.* at 3. But plaintiff points to the full email exchange, which indicates the contrary. *See id.*; Dkt. 35-3. Notably, the court has supervised discovery where the parties use limited medical authorization forms. *See, e.g.*, *Figueroa Romero v. Francesca De Trana, et al.*, No. 23-cv-432-wmc (W.D. Wis. 2023) at Dkt. 68 (denying defendant's motion to compel signed medical

6

authorizations), Dkt. 83 (summarizing the telephonic hearing on the dispute over the scope of plaintiff's medical release).

Even so, the court will not sanction defense counsel. For one, plaintiff raised the issue in his untimely response filed after defendants filed their reply, so defendants have had no opportunity to respond to plaintiff's contention. Regardless, plaintiff has not been prejudiced. The court will not compel plaintiff to release any of his medical and mental health records that he has objected to, although there will be consequences if he withholds relevant records from defendants.

## ORDER

IT IS ORDERED that:

1. Plaintiff has until December 10, 2025, to notify the court that he is pursuing more than "garden variety" emotional distress claims. If the court does not hear from plaintiff by that deadline, it will presume that he is pursuing "garden variety" emotional distress claims.

2. Defendants' motion to dismiss or compel discovery, Dkt. 34, is DENIED. Defendants must send plaintiff an authorization form revised as discussed above by December 15, 2025. If plaintiff decides to sign and return the form, he must do so by December 29, 2025. If plaintiff does not sign and return the form to defendants by that date, his claims may be dismissed by the presiding judge.

3. Defendant's request for sanctions, Dkt. 42, is DENIED.

4. The case deadlines remain stayed pending the court's review of plaintiff's amended complaint, Dkt. 27, and motion to order defendants to answer, Dkt. 28.

Entered December 2, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

Case: 3:23-cv-00809-wmc   Document #: 46   Filed: 12/02/25   Page 8 of 8