IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY GEORGE,

                      Plaintiff,

   v.                                                  OPINION and ORDER

KEVIN CARR, *et al.*,                              23-cv-809-wmc

                      Defendants.

---

Plaintiff Larry George, representing himself, alleges that defendants caused him serious harm and injury by failing to protect him from the COVID-19 virus while he was in state custody. In a previous order, the court denied defendants' motion to dismiss or compel discovery and ordered defendants to send plaintiff a medical authorization form revised as directed. Dkt. 46. The court ordered plaintiff to clarify whether he was pursing more than "garden variety" emotional distress claims and noted that the case deadlines remained stayed pending the court's review of plaintiff's proposed amended complaint and motion to order defendants to answer. *Id.*

This order addresses plaintiff's request for discovery, Dkt. 47, and motion for clarification and sanctions, Dkt. 48. The court will DENY plaintiff's requests for discovery and sanctions, but it will GRANT his motion for clarification for the reasons that follow.

ANALYSIS

Plaintiff's motions overlap in requested relief, so the court will discuss them together. As a threshold matter, plaintiff clarifies that he is pursuing "garden variety" emotional distress claims. This clarification limits the discovery permitted on this issue and may limit the

evidence plaintiff is allowed to rely upon at summary judgment or trial.[1] *McGlenn v. Madison Metro. Sch. Dist.*, Case No. 21-cv-683-jdp, 2024 WL 359107, at *4 (W.D. Wis. Jan. 31, 2024).

As for his request for discovery, it is not clear whether this is a motion seeking a court order or a copy of discovery requests sent to defendants. Plaintiff states in his motion for clarification and sanctions that defendants will not respond to these requests because discovery in this case is stayed. Plaintiff also raises issues with the revised medical authorization form defendants sent him. Plaintiff asks whether discovery is in fact stayed, and, if so, why he must provide discovery to defendants in the form of a medical authorization.

The court clarifies that discovery is generally stayed in this case pending the resolution of plaintiff's request to amend his complaint. That is because the scope of discovery in a case is largely determined by the scope of a plaintiff's claims and the identity of the defendants, and plaintiff is seeking to add tens of new defendants. Dkt. 27. Until the court determines whether to accept the proposed amended complaint and defendants answer, it is not clear who the defendants are who would need to respond to discovery requests, or what information would be relevant to the claims and defenses and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . "). So, the court will not order defendants to respond to plaintiff's discovery requests at Dkt. 47 at this time nor sanction them for declining to do so.

But the court has allowed a limited exception to the stay so the parties can negotiate a medical authorization form. That is because plaintiff's request to proceed on an amended

---

[1] The admissibility of evidence plaintiff may rely upon is a question for the presiding judge to decide at these later stages in the case.

complaint is not dispositive and does not appear to impact whether certain medical records should be released to defendants. This case has been pending since 2023, and having an authorization in place will help avoid unnecessary delay when discovery resumes.

As for plaintiff's concerns with the revised form, the court will not sanction defendants. Plaintiff must meet and confer with defense counsel about his concerns so that defendants have an opportunity to address them before plaintiff can seek court intervention. Dkt. 5 at 11–12 (explaining the meet-and-confer requirement); *see* Fed. R. Civ. P. 37(a)(1) (a motion to compel must include the moving party's certification that the movant has in good faith conferred or tried to confer with the opposing party). This means that the parties must communicate with each other about how to resolve the discovery dispute, unless such communication is actually impossible. The court's pretrial conference order states that the court will "summarily deny" a discovery motion that does not include information about how the movant tried to resolve the dispute. Dkt. 5 at 12.

Plaintiff's motion does not include this information, so the court will deny it without prejudice. This means that he can refile his motion, including information about how he tried to resolve the dispute, if any dispute remains after he confers with defendants about the authorization form.

ORDER

IT IS ORDERED that:

1. Plaintiff's request for discovery, Dkt. 47, is DENIED without prejudice.

2. Plaintiff's motion for clarification and sanctions, Dkt. 48, is GRANTED in part and DENIED in part.

3

3. The case deadlines remain stayed pending the court's ruling on plaintiff's proposed amended complaint, Dkt. 27, and his motion to order defendants to answer, Dkt. 28. Discovery also remains stayed except to allow the parties to negotiate a medical authorization release form. The case deadlines will be reset as necessary, and discovery fully reopened, when the court issues its ruling on these motions.

Entered January 13, 2026.

                                      BY THE COURT:

                                      /s/
                                      _____
                                      ANITA MARIE BOOR
                                      Magistrate Judge